Ashot HAYRIKYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–75704.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.*

Filed Nov. 6, 2008.

H. Richard Tashjian, Esquire, Glendale, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Zoe Jaye Heller, Esquire, Trial, OIL, John P. Pearson, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON and N.R. SMITH, Circuit Judges, and COLLINS,** District Judge.

MEMORANDUM ***

Ashot Hayrikyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying asylum, withholding of removal, and relief under Convention Against Torture (CAT). Hayrikyan asserts persecution on account of his political opinion. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the decision of the Immigration Judge (IJ) as the BIA's decision, here, because the BIA adopted it as the final agency determination. *Mashiri v. Ashcroft*, 383 F.3d 1112, 1118 (9th Cir.2004). The BIA's factual findings are reviewed for substantial evidence and must be upheld unless the record compels a contrary result. *See Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003); 8 U.S.C. § 1252(b)(4)(B). Substantial evidence is "more than a mere scintilla." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "The IJ must provide specific, cogent reasons for reaching an adverse credibility determination, and minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support it."

*Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004) (citation omitted). Where the BIA identifies several grounds supporting the adverse credibility determination, we must affirm so long as one of those grounds is supported by substantial evidence and goes to the heart of the claim of persecution. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

■ Here, the BIA determined that Hayrikyan failed to credibly testify that he was persecuted on account of his political opinion for four different reasons. We hold that at least two of the proffered reasons for the adverse credibility determination are supported with specific, cogent reasons which go to the heart of Hayrikyan's asylum claim. *Singh*, 367 F.3d at 1143. Substantial evidence supports the finding, that Hayrikyan's claim that he was fired due to his political opinion was not plausible. Substantial evidence supports the finding, that Hayrikyan's claim that he was associated with the 21st Century Association was incredible, due to his significant inconsistent testimony regarding it. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005) (repeated and significant inconsistencies deprived claim of the requisite "ring of truth"). Both of these findings went to the heart of Hayrikyan's asylum claim. Accordingly, we hold that substantial evidence supports the adverse credibility determination.

■ Hayrikyan asserts that the BIA should have discussed the issues of withholding of removal and CAT claims in its opinion. We disagree. The BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "to signify that it had conducted an independent review of the record and had exercised its own discre-

---

** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion in determining that its conclusions were the same as those articulated by the IJ." *Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005). "Our caselaw establishes that where the BIA cites its decision in *Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety." *Id.* (citing *Tchoukhrova v. Gonzales,* 404 F.3d 1181, 1188 (9th Cir.2005)). Thus, the BIA did not need to address the withholding of removal and CAT claims in its opinion.

■ Because Hayrikyan did not meet the burden for asylum, he also failed to meet the more stringent burden required for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir. 2004) ("Because [the petitioner] was unable to meet his burden to demonstrate that he is eligible for asylum he necessarily fails to satisfy the more stringent standard for withholding of removal.").

Hayrikyan's petition for relief under CAT also fails. To qualify for CAT relief, Hayrikyan must establish that it is more likely than not that he would be tortured if removed. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). Because Hayrikyan's CAT claim is based upon the same testimony as his asylum claim, that he was politically active in Armenia and tortured, and no other evidence has been presented that supports his claim, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**